FILED

2007 Jul-09  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JILL LYNN CAMP,  an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **CAPITAL ACCOUNTS, LLC, a** | ) | |
| **Corporation; EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC, a** | ) | |
| **Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendants she states as follows:

### Jurisdiction & Venue

1.     This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[1] regarding inaccurate entries on her credit reports and violations of other applicable federal laws.  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.     This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.     The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same

---

[1] Any reference to the Fair Credit Reporting Act (or the Fair Debt Collection Practices Act) or any part thereof encompasses all relevant parts and subparts thereto.

case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.   The Plaintiff, Jill Lynn Camp, is a natural person who resides within the Southern Division of this District.

5.   Defendant Capital Accounts, LLC ("Capital" or "Defendant") is a foreign company that engages in business of collecting defaulted debts in this judicial District.

6.   Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this judicial district.

## FACTUAL ALLEGATIONS

7.   Plaintiff filed bankruptcy and was discharged on January 31, 2006, with a case number of 05-12658-BGC7.

8.   Despite the court order, Capital continued to report on Plaintiff's Equifax report Plaintiff's account (12****) had a balance owed of approximately $100.00 which is incorrect and false.  This account is for McCallum Endodontic Specialist.

9.   Plaintiff disputed this account with Equifax and on June 8, 2006, Equifax correctly reported it as a zero balance and discharged or included in bankruptcy.

10.   Equifax had sent proper and timely notice of the dispute to Capital as required under the FCRA.

11.   On April 16, 2007, Plaintiff's Equifax report showed the Capital account balance and status had been "reinserted" by Capital and Equifax.

12.   This was shocking to Plaintiff as both Equifax and Capital knew this account had been discharged and neither Defendant notified her of this reinsertion.

13.    That same day, April 16, 2007, Plaintiff disputed this account again with Equifax.

14.    On May 17, 2007, Plaintiff's new Equifax report showed the results of the investigation as "verified" with the $100.00 balance being reported correctly.

15.    The May 17, 2007, report shows the account number as "12XXXX" and the original creditor as McCallum Endodontic Specialists.  There is no mention that the account has been disputed by Plaintiff even though she has disputed it at least twice.  There is no longer any mention of the fact the collection account was discharged or included in bankrutcy.

16.    The Defendants failed to properly investigate the account in question, as Defendants knew that the debt was discharged but yet continued to report a balance owed.

17.    Capital also failed to report the true balance to Equifax when Capital knew that the balance was wrong as the debt was discharged in bankruptcy.

18.    The effect of these errors on Plaintiff's credit reports has been to substantially affect her credit report, credit worthiness, and credit score.

19.    The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

20.    Capital has a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiff, who have discharged the debts.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed (when Capital knows no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

21. Capital has the policy to "park" the account on at least one of the consumer's credit report. This is a term in the industry for keeping a balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Capital's intentional and malicious conduct.

22. In parking the account, Capital has falsely updated the account despite its obligation under federal and state law to accurately report the balance and Capital has willfully and maliciously refused to do so.

23. Capital agreed in the subscriber agreements or contracts with the Consumer Reporting Agencies ("CRAs") including Equifax, to update accounts that have been discharged in bankruptcy. Capital has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the others set forth under the FCRA and state law, which has resulted in the intended consequence of this information remaining on Plaintiff's credit reports.

24. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report was accessed and this was the malicious and intentional design behind the Defendants' actions with the goal to force the Plaintiff to pay on accounts she does not owe.

25. The Equifax credit report of Plaintiff has been accessed numerous times in the last two years.

26. When a consumer such as Plaintiff pays the "parked" account, Capital claims that such payment was purely "voluntarily" or was to pay off a "moral obligation". Capital knows

and intends that by willfully and maliciously parking the account on the credit report, payment can be extorted from the consumer.

27.    Despite receiving disputes that it's reporting on accounts included in bankruptcy was false, Capital intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the Plaintiff's credit reports and Equifax has refused to change its policy of allowing false information to remain on its credit reports.

28.    The Defendants have violated the law by reinserting an account with a balance without following the requirements of the FCRA by, among other actions, refusing to notify Plaintiff of the reinsertion, allowing the reinsertion, and refusing to take steps to prevent the reinsertion.

29.    It is a practice of Defendants to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA and state law.  In the case of Capital, this also includes the FDCPA, as Capital is a debt collector under the FDCPA.

30.    All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individual's (or entities') employment, agency or representation.

31.    All actions taken by Defendants were done with malice, were done willfully or recklessly, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

32.    Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendants are subject to

punitive damages and statutory damages and all other appropriate measures to punish and

deter similar future conduct by Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

33.     All paragraphs of this Complaint are expressly adopted and incorporated as if fully set

forth herein.

34.     Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

35.     Capital is an entity who, regularly and in the course of business, furnishes information to

one or more CRAs (including Equifax) about Capital's transactions or experiences with

any consumer including Plaintiff and therefore Capital constitutes a "furnisher," as

codified at 15 U.S.C. § 1681s-2.

36.     Plaintiff notified Equifax directly several times of a dispute on the completeness and/or

accuracy of the accounts of Capital.

37.     Equifax notified Capital in a timely manner of each dispute in full compliance with the

FCRA or, in the alternative, Equifax violated the FCRA by not properly notifying Capital

of one or more of the disputes.

38.     No entity, including any of the Defendants, ever notified Plaintiff that her disputes were

frivolous or irrelevant, or that she had failed to provide sufficient information to

investigate the disputed information.

39.     Plaintiff alleges that Defendants failed in all respects to conduct a proper and lawful

reinvestigation from start to finish as required under federal law.

40.     For example, Defendants knew that the account was included in bankruptcy, yet

Defendants failed to adequately investigate the disputes or the Defendants simply refused

to make the corrections that their investigation revealed was required.

41.   Defendants failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

42.   Defendants reinserted or allowed the reinsertion of the balance and the removal of the discharge or included in bankruptcy description on the Capital account.

43.   All actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA.

44.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

**SECOND CLAIM FOR RELIEF**
**State Law Claims**

45.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

46.   Defendants published false information about Plaintiff by reporting the Defendants' account with a false balance and refusing to show it as included in bankruptcy.  Each time the credit reports of Plaintiff were accessed, a new publication occurred which was intended by Defendants.

47.   Plaintiff alleges that the publications were done maliciously, without privilege, and with a willful or reckless intent to injure Plaintiff.

48.   Capital assumed a duty, through the subscriber agreement and other actions, to accurately report the balances even after individuals, like the Plaintiff, received a discharge.

49. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

50. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

51. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the handling of the investigations on the accounts; and all other aspects as set forth in this Complaint.

52. Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligation.

53. Such negligence, malice, wantonness, recklessness, willful or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

### THIRD CLAIM FOR RELIEF
### <u>Violations of the Fair Debt Collection Practices Act</u>

54. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

55. Capital, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Falsely reporting a balance owed on Plaintiff's credit report;

    b. Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt; and

    c. Failing to show the account as being "disputed" by Plaintiff.

56.     Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

### RELIEF SOUGHT

57.     An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

58.     Plaintiff also requests all further relief to which she is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

9

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**<u>Serve defendant via certified mail at the following addresses.:</u>**

Capital Accounts, LLC
c/o Incorp Services, Inc.
404 James Robertson Parkway, Suite 2100
Nashville, TN 37219

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104